# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

FRANCISCO LYLES #298-802
        Petitioner        :

        v.        :    CIVIL ACTION NO. RDB-12-3667

G. HERSHBERGER, et al.    :
        Respondents

## MEMORANDUM OPINION

On December 13, 2012,[1] Petitioner Francisco Lyles' 28 U.S.C. § 2254 habeas corpus application attacking his 2000 Maryland judgments of conviction for second-degree assault and related offenses was received by the Clerk. ECF No. 1. Respondents filed an answer which solely addressed the timeliness of Petitioner's application. ECF No. 5. Petitioner was advised of his opportunity to file a reply (ECF No. 6), and has done so. ECF No. 7. In reply, Petitioner argued that his limitations period expired because of a delay in post-conviction review on the part of the Maryland Office of the Public Defender ("OPD").[2] *Id.*

Based on that response, the Court granted Petitioner additional time to provide documentary evidence to support his claim that his Petition was timely filed. ECF Nos. 8 and 14. Petitioner has been unsuccessful in producing same. ECF Nos. 12, 13 and 15. Respondents

---

[1] The self-represented Petitioner dated his Petition November 29, 2013. The Petition thus is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States. v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998).

[2] Petitioner moves for appointment of counsel. ECF No. 17. There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may provide counsel for an indigent prisoner pursuing a petition for habeas corpus if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(2)(B). Rule 6(a) of the Rules Governing Section 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures." Rule 8(c) mandates that counsel be appointed "[i]f an evidentiary hearing is required." Upon review of the pleadings, petitioner has adequately articulated his claims, the issues presented are not unduly complex, and an evidentiary hearing is not warranted. Therefore, petitioner's motion for appointment of counsel will be denied.

have provided information concerning the OPD's form letter warning prospective clients that the federal limitations period could run while post-conviction research and investigation is underway. ECF No. 16. The Court finds the case ripe for review and further finds no need for an evidentiary hearing, *see* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. 2254(e)(2). For reasons set forth herein, the Court shall dismiss the Petition as time-barred and decline to issue a Certificate of Appealability.

Procedural History

On October 25, 2000, a jury sitting in the Circuit Court for Prince George's County found Petitioner guilty of second-degree assault, use of a handgun in the commission of a felony or crime of violence, and providing a false report to a police officer. ECF No. 5, Ex. 1, pp. 5-6. On December 15, 2000, Petitioner was sentenced to 30 years imprisonment. *Id.*, Ex. 1 at 7. A timely motion for reconsideration of sentence was denied by the Circuit Court on January 11, 2001. *Id.*, Ex. 1, pp. 7-8. A notice of appeal filed on January 12, 2001, was striken by the intermediate appellate court on April 10, 2001. *Id.*, Ex. 1, p. 8.

More than eight years later, on April 17, 2009, Petitioner initiated post-conviction relief in the Circuit Court for Prince George's County. *Id.*, Ex. 1, p. 10. On October 26, 2010, the Circuit Court denied relief. *Id.*, Ex. 1, p. 11. Petitioner's application for leave to appeal the denial of post-conviction relief was summarily denied by the Court of Special Appeals of Maryland on June 27, 2012.[3] The mandate issued on July 30, 2012. *Id.*, Ex.2.

---

[3] While the application for leave to appeal was pending, on September 29, 2011, Petitioner filed a motion to correct an illegal sentence that was treated as a motion for new trial and denied by the court on May 7, 2012. *Id.*, Ex. 1, p. 12. Petitioner filed an appeal of this ruling, but then moved to withdraw the notice of appeal. *Id*. The pendency of those proceedings does not affect the limitations analysis.

Standard of Review

Title 28 U.S. C. § 2244(d)[4] provides a one-year statute of limitations in non-capital cases for those convicted in state court. This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. 2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998).

In *Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549 (2010), the Supreme Court concluded that equitable tolling applies to the statute of limitations for post-conviction petitions filed under § 2254. *Id*. at 2554. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id*. at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See*

---

[4]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

*Harris v. Hutchinson*, 209 F.3d at 329-30.[5]

Argument

Petitioner provides no basis for statutory tolling of the limitations period under 28 U.S.C. §§ 2244(d)(1) and 2244(d)(2). He instead seeks equitable tolling, claiming that the OPD's Collateral Review Unit informed him that "our Attorney's case loads [are] full, so please remain patient." ECF No. 7, p. 1. Although he ordered his trial and sentencing transcripts and "made contact with the OPD…[t]he Office would say remain patient, and feel free with filing your own post-conviction petition." Petitioner indicates correspondence documenting his contact with the OPD has been lost. As he understood that Maryland imposed a ten-year limitations period for filing a post-conviction petition, after several years of waiting for OPD to act on his behalf, Petitioner elected to file a pro se post-conviction petition, at which time "the OPD entered an attorney's appearance by order of court." *Id.* Petitioner complains that becsause he lacked money, he was forced to rely on the OPD for post-conviction review. He also states that the "striking of [his] direct appeal made it impossible to adhere to the Federal Rules" and that his "understanding of law in (sic) scope is limited." He contends that his right to seek federal habeas corpus relief "was thwarted" by the Circuit Court's striking of his direct appeal and by delay on the part of the OPD in pursuing post-conviction relief. *Id.,* p. 2.

In response to Petitioner's assertions, Respondents have submitted an OPD form response[6] provided to prospective post-conviction petitioners which clearly states that those

---

[5] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

[6] The June 23, 1999 OPD correspondence attached to Respondents' response was filed in connection with *Patton v. State,* Civil Action No. AW-09-2879 (D. Md.). Although it appears the form correspondence has been updated and edited over the years, *see Cathcart v. State,* Civil Action No. PWG-13-626 (D. Md.), ECF No. 11, Ex. 1 at 1, the substantive advice concerning the likely expiration of the federal one-year limitations period for those choosing to wait for OPD to file their post-conviction petitions remains intact.

seeking to preserve their right to file for federal habeas corpus relief should not rely on the OPD to prepare and file their state post-conviction petitions. ECF No. 16, Ex. 1, pp. 1-2. The response spells out the factors each prospective post-conviction litigant should weigh in considering whether and when to pursue state collateral review, and the attendant consequences likely to ensue for each option.

Analysis

Petitioner indicates that at some point in 2001, following the striking of his direct appeal, he contacted OPD concerning post-conviction relief and was told to "remain patient." ECF No. 7, p. 1. He then sought information from the Circuit Court concerning the purchase of trial and sentencing transcripts in January of 2002. *Id.* Although able to produce documents and correspondence from 2001 concerning the striking of the appeal, he provides no documents concerning his correspondence with OPD prior to 2009, and indeed it appears that copies of the documents, dating back more than a decade, may never be found.[7] *Id.,* pp. 4-11.

Petitioner indicates that he filed his own post-conviction petition based on his concern that Maryland's ten-year limitations period was about to expire, ECF No. 7, p. 1, but despite acknowledging he corresponded with OPD shortly after his conviction and in the ensuing years, professes ignorance of the federal limitations period for seeking habeas corpus review. The Court notes that the form correspondence routinely provided state prisoners seeking collateral review through the OPD contained language concerning the limitations period and outlining the choices available to prospective litigants who wished to preserve the option of filing a federal habeas corpus petition. Petitioner does not aver that he never received such warning, only that he now is unable to provide copies of his earliest correspondence with OPD's Collateral Review

---

[7] If ultimately found, this Court may accept the documentary evidence in conjunction with a motion for reconsideration.

unit. The Court finds Petitioner has not demonstrated entitlement to equitable tolling. Accordingly, his Petition must be dismissed as time-barred.

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…if the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.

Petitioner has not satisfied this standard, and the Court declines to issue a certificate of appealability.[8] A separate order follows.

September 20, 2013                           _____/s/_____
Date                                                 RICHARD D. BENNETT
                                                            UNITED STATES DISTRICT JUDGE

---

[8] Petitioner may seek a certificate of appealability directly from the appellate court.